### Eugène Lacroix *v.* St. Julien Tournillion.

In a suit brought on a special contract, evidence may be received to prove the value of the work or labor performed under the contract; but the plaintiff is not entitled to a judgment for more than the stipulated price, as his claim is based on the contract, and not on a *quantum meruit*.

APPEAL from the District Court of the Parish of Assumption, *Roman, J.* *A. Gentile* and *F. F. Nichols*, for plaintiff. *Mills & Leblanc*, and *Bush, Beatty & Allain*, for defendant and appellant.

LAND, J. The plaintiff sues for the recovery of nineteen hundred and fifty dollars, the last installment of the price stipulated in a building contract entered into by the insolvent, *Adolphe Richard*, with the defendant, for the construction of a dwelling house.

The plaintiff alleges, that the insolvent commenced and prosecuted, and had nearly completed the work under the contract, when he was prevented from the further prosecution thereof by the acts of the defendant, who refused to comply with his obligations to furnish the necessary hardware for hanging the doors, windows, &c., and to furnish the materials necessary for the construction of the upper staircase, and that the insolvent was prevented by the defendant from completing the building under the contract.

The defendant denies the allegations of non-performance on his part, and charges the insolvent with a breach of the contract, and claims the balance of the unpaid price in compensation of the damages sustained by reason thereof. He also avers that, *after the breach of the contract* by the insolvent, and he had been put legally in default, it was agreed between them that he, the defendant, should employ other workmen to complete the building, and that the cost of such work should be deducted from the balance of the unpaid price; and that, in pursuance of this agreement, other workmen were employed to complete the building.

The defendant's objection, that he was not put in default by the insolvent, cannot be made under his answer. He avers a breach of the contract, and then alleges a subsequent agreement, by which the breach was cured, and the original contract was still to be performed by the employment of other workmen. This

alleged subsequent agreement in modification of the terms of the original contract, appears to have been proved and acted on by the court below, and was a waiver of all rights of action for its breach, and consequently, of all conditions precedent attached by law thereto. The insolvent's right of action was on the original contract for the price, subject to the deductions stipulated in the supplemental agreement set up in defendant's answer.

The further objection, that evidence was improperly received to prove the value of the work and labor performed by the insolvent on the building, and should not have been considered by the jury in this case, is not tenable. Such evidence may be received in a suit on a special contract, which, of course, must be proved; but the plaintiff is not entitled to judgment for more than the stipulated price, because his right of recovery is on the contract, and not on a *quantum meruit*. *Gribble* v. *McKleroy & Bradford*, 14 An. Evidence of the value of the work and labor performed by the insolvent was material in this case, for the purpose of determining the amount and value of the work performed under the supplemental agreement, and was a proper subject for the consideration of the jury.

The judgment of the lower court was in favor of the plaintiff for the sum of $1077 43 of the unpaid price, and awarded to the defendant the sum of $872 57, the balance thereof, as a compensation for the work which was performed under the subsequent agreement.

The evidence shows, that there was not a strict compliance with the terms of the building contract on the part of either the defendant or the insolvent; and as the testimony is somewhat conflicting as to the amount and value of the unfinished work at the date of the subsequent agreement, we are not satisfied that justice requires a disturbance of the judgment of the lower court, based as it is upon the verdict of a jury.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.